UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CHAD HEBERT ET AL                    CASE NO.  2:21-CV-02077

VERSUS                               JUDGE JAMES D. CAIN, JR.

LIBERTY MUTUAL INSURANCE CO          MAGISTRATE JUDGE KAY

MEMORANDUM ORDER

Before the court is an Appeal of Magistrate Judge Decision [doc. 28] filed by plaintiffs Chad and Elizabeth Hebert, objecting to the magistrate judge's ruling [doc. 27] denying their Motion for Leave to Amend [doc. 22].

I.
BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura and Hurricane Delta, which both made landfall in Southwest Louisiana in 2020, as well as a winter storm in February 2021. At all relevant times the house, located in Sulphur, Louisiana, was insured under a homeowner's policy issued by Liberty Personal Insurance Company ("Liberty"). Plaintiffs allege that Liberty failed to timely or adequately compensate them for their covered losses, and filed suit in this court on July 19, 2021, raising claims for breach of insurance contract and bad faith. Doc. 1. They filed a first amended complaint to name the correct Liberty entity. Doc. 13. Liberty then filed a counterclaim for reimbursement under Louisiana Civil Code article 2299, asserting that (1) the amounts paid to plaintiffs under their dwelling coverage far exceeded the cost to repair the home and (2)

plaintiffs' receipt of $116,642.70 under their loss of use coverage is not supported by the policy's terms. Doc. 20.

Thereafter plaintiffs filed a motion for leave to file a second amended complaint, in which they sought to raise an additional claim "on behalf of themselves and those similarly situated" based on Liberty's alleged practice of not inspecting the interior of the home due to COVID-19 protocols. Doc. 22; doc. 22, att. 2. The magistrate judge found that the proposed amendment was futile insofar as it proposed to state a class action. Doc. 27. Specifically, she stated that any such action would fail to meet Rule 23(b)(3)'s superiority and predominance requirements. *Id.* Accordingly, she denied the motion without prejudice to plaintiffs' right to amend the complaint and bring this claim individually. *Id.* Plaintiffs now appeal that ruling, disputing the magistrate judge's findings. Doc. 28. Liberty opposes the appeal. Doc. 30.

## II.
### LAW & APPLICATION

#### A.  Standard of Review

A magistrate judge may hear and decide any pretrial matter pending before the district court. 28 U.S.C. § 636(b)(1). Because the magistrate judge's decision relates to a non-dispositive matter, plaintiffs' appeal is governed by Federal Rule of Civil Procedure 72(a). Under this rule, the decision may only be overturned if the party challenging the decision can demonstrate that it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385–86 (5th Cir. 1995).

**B. Application**

Plaintiffs' motion is governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend must be "freely given when justice so requires." Fed. R. Civ. P. 15(a). While the motion is left to the district court's discretion, it should only be denied when there is a "substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). One such reason is futility—in other words, if the amended complaint would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). "Futility alone is a 'substantial reason' to deny leave to amend because, 'if a complaint as amended is subject to dismissal, leave to amend need not be given.'" *SMH Enterps., LLC v. Krispy Krunchy Foods, LLC*, 340 F.R.D. 554, 563 (E.D. La. 2022) (quoting *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013)).

The magistrate judge reviewed the proposed allegations under Federal Rule of Civil Procedure 23, which governs class actions. Under Rule 23(b)(3), a class action can only proceed if the court finds that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The focus of the inquiry "is not whether the plaintiffs will fail or succeed, but whether they will fail or succeed together." *In re BP PLC Securities Litig.*, 2014 WL 2112823, at *7 (S.D. Tex. May 20, 2014) (cleaned up). To answer this the court must ask how the case will be tried, which "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate,

and then determining whether the issues are common to the class." *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016).

The magistrate judge joined other courts in finding that individual issues would predominate in any attempt to consolidate homeowner claims for the purposes of a class action. *See In re Katrina Canal Breaches Litig.*, 401 F. App'x 884, 887 (5th Cir. 2010) (rejecting theory that plaintiffs' bad faith claims could be litigated on a class-wide basis). She noted that any such action would prejudice hurricane claimants who were already individually litigating their claims, and that plaintiffs failed to show why they should be allowed to assert these claims on behalf of other homeowners when they could raise it in their own cases. She also recognized that plaintiffs' proposed class included other Louisiana homeowners who had their claims adjusted during the pandemic after non-hurricane events, further complicating any attempt to consolidate these matters. The undersigned agrees with these concerns; to the extent inspections were inadequate these claims can easily be raised within individual cases while the prevalence of individual legal and factual issues makes any proposed class impractical.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Appeal [doc. 28] be

**DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**